# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**252**
**CAF 16-00650**
PRESENT: SMITH, J.P., CARNI, NEMOYER, CURRAN, AND TROUTMAN, JJ.

---

IN THE MATTER OF CLIFFORD E. DRAKE, JR.,
PETITIONER-RESPONDENT,

V                                          MEMORANDUM AND ORDER

BELLE ROSE RILEY, RESPONDENT-APPELLANT.

---

DAVISON LAW OFFICE PLLC, CANANDAIGUA (MARY P. DAVISON OF COUNSEL), FOR
RESPONDENT-APPELLANT.

COLE & VALKENBURGH, P.C., BATH (CHRISTINE M. VALKENBURGH OF COUNSEL),
FOR PETITIONER-RESPONDENT.

WENDY S. SISSON, ATTORNEY FOR THE CHILDREN, GENESEO.

---

Appeal from an order of the Family Court, Steuben County (Gerard
J. Alonzo, J.H.O.), entered April 6, 2016 in a proceeding pursuant to
Family Court Act article 8. The order, among other things, directed
respondent to refrain from having any contact with petitioner.

It is hereby ORDERED that the order so appealed from is
unanimously reversed on the law without costs, and the matter is
remitted to Family Court, Steuben County, for further proceedings in
accordance with the following memorandum: Respondent mother appeals
from an order of protection entered upon a finding that she committed
two family offenses (*see* Family Ct Act § 812 [1]), i.e., disorderly
conduct (Penal Law § 240.20) and harassment in the second degree
(§ 240.26), against petitioner father. In his amended petition, the
father alleged that the mother yelled at him and called him names.
The matter proceeded to a trial, after which Family Court issued a
"stay away" order of protection ordering the mother to refrain from
contact with the father and the parties' two children.

We agree with the mother that the court abused its discretion in
denying her attorney's motion to adjourn the hearing because the
mother was unable to attend. We therefore reverse the order on appeal
and remit the matter to Family Court for further proceedings on the
amended petition. In Family Court Act article 8 proceedings, the
court "may adjourn a fact-finding hearing or a dispositional hearing
for good cause shown on its own motion or on motion of either party"
(Family Ct Act § 836 [a]). Although the court does not abuse its
discretion in denying a request for an adjournment where the party
making the request gives no reason for his or her absence (*see Matter
of Tyler W. [Stacey S.]*, 121 AD3d 1572, 1573), here, the mother

explained her absence.  Moreover, the proceedings were not protracted, and the mother made no prior requests for an adjournment (*see id.*).

    In light of our determination, we do not reach the mother's remaining contentions.

Entered:  April 28, 2017                      Frances E. Cafarell
                                              Clerk of the Court